The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This is in response to your request for an opinion "on the results of Jenkins v. Bogard which was a suit that established the timeframe a candidate must comply with in order to be qualified as a resident of the district." That case involved the eligibility of a particular candidate in light of the one-year durational residency requirement for state senators and representatives found in Arkansas Constitution, art. 5, §4. You have enclosed a copy of a letter from Steve Cook, Senate Counsel, in which he concludes that this constitutional provision and the language from Jenkins v. Bogard, 335 Ark. 334, 980 S.W.2d 270 (1998), indicate that the one-year residence requirement must be met by the time of the general election. Mr. Cook's letter indicates that your question to him was whether the requirement must be met by the primary election or the general election. You have asked for my opinion of the matter.
In my opinion a candidate for state senator or representative must have been, for one year next preceding the general election, a resident of the district from which elected. Arkansas Constitution, art. 5, § 4 provides as follows:
 No person shall be a Senator or Representative who, at the time of his election, is not a citizen of the United States, nor any one who has not been for two years next preceding his election a resident of the State, and for one year next preceding his election a resident of the county or district from whence he may be chosen. Senators shall be at least twenty-five years of age and Representatives at least twenty-one years of age. [Emphasis added.]
My predecessor in office has previously opined, and I concur, that this constitutional provision has reference to the general, as opposed to the primary, election. See Op. Att'y. Gen. 91-206 (copy enclosed). See also
Op. Att'y. Gen. 92-274. It was stated in Opinion 91-206 that a person is only "elected" at the general election, even if unopposed. See also Op. Att'y Gen. 98-050. This was not the precise issue presented in Jenkinsv. Bogard, supra, but in my opinion, the language used in that decision also provides support for the conclusion that the residency requirement is calculated with reference to the general election.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosure